UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: TERESA MURPHY

25-CV-3105 (LLS)

25-CV-3122 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

On March 3, 2025, Plaintiff Teresa Murphy, a resident of Warwick in Orange County, New York, filed a *pro se* action in this court under 42 U.S.C. § 1983, alleging that Defendants violated her federally protected rights. *Murphy v. Rockland Cnty.*, No. 25-CV-1950 (LLS), ECF 1 ("*Murphy I*"). Named as Defendants in *Murphy I* are the County of Rockland; the Warwick Police Department; Warwick Police Officer Mazella; Judge Craig Brown; the Orange County Probation Department; Orange County Probation Officer Skyler Kemp; Orange County Child Protective Services ("OCCPS") Agents Tammie Johnson, Carol C. Pierce, Andrew R. Kass, and "Ospra"; and unidentified Defendants "John Does 1-10."

In an amended complaint filed on April 21, 2025, Plaintiff alleges in *Murphy I* that:[1] (1) on September 10, 2022, she was falsely arrested, which "culminat[ed] in a coerced felony [driving-while-intoxicated (DWI)] plea on July 8, 2023"; (2) on January 13, 2025, she was falsely arrested at her home and taken to a hospital where she was forcibly medicated, and thereafter her children were removed from her custody; (3) on March 22, 2025, Plaintiff was falsely arrested, in retaliation for asserting her civil rights in connection with the January 13, 2025 arrest; and (4) on March 23, 2025, Plaintiff was arrested, "shackled overnight to a metal

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the originals unless noted otherwise.

chair in a basement office," and subjected to "psychological torture and constitutional abuse."[2] No. 25-CV-1950, ECF 10. Plaintiff seeks "federal protective injunction" against "Warwick, Rockland, and Orange County law enforcement"; "expungement" of her arrests; the "release of" Charles Bernard Starke "from unlawful confinement"; an order "halting all further state attempts at harassment, contact, or litigation"; and referral of these matter to federal agencies for investigation and criminal prosecution. (*Id.*) By order dated September 18, 2025, the Court granted Plaintiff leave to file a second amended complaint to address deficiencies in her prior pleading. *Murphy I*, No. 25-CV-1950, ECF 17.

On April 10, 2025, Plaintiff filed two other *pro se* actions invoking Section 1983, which name many of the same Defendants and assert claims overlapping with those set forth in *Murphy I. See Murphy v. Mazella*, No. 25-CV-3105 ("*Murphy II*"), and *Murphy v. Rockland Cnty.*, No. 25-CV-3122 ("*Murphy III*").[3]

In *Murphy II*, Plaintiff names Officer Mazella, Judge Craig Brown, Probation Officer Skyler Kemp, and the Warwick Police Department, who are also named in *Murphy I.* Plaintiff asserts in the *Murphy II* complaint and in an accompanying letter that she was falsely arrested on September 10, 2022, and that Defendants have "subjected" her "to continuous harassment, terroristic threats, and illegal home entries," for which she seeks an "immediate investigation and intervention" by the United States Department of Justice. (*Murphy II*, No. 25-CV-3105, ECF 1, 2.)

---

[2] Plaintiff filed an amended complaint of her own accord, in other words, not in response to an order from the Court.

[3] Plaintiff did not file an IFP application or sign the complaint in *Murphy II*, and the complaint in *Murphy III* is also unsigned. Because the Court is dismissing the actions without prejudice, it did not direct Plaintiff to cure these filing deficiencies.

In *Murphy III*, Plaintiff names the same defendants named in *Murphy I*, and her claims in *Murphy III* arise out of the January 13, 2025 arrest. According to Plaintiff, she was "on the phone with civil rights advocate Charles Starke Jr.," when officers entered her home "without consent," removed her children from her custody, and transported her to a hospital where she "was forcibly sedated." (*Murphy III*, No. 25-CV-3122, ECF 1, at 2.) A timeline attached to the *Murphy III* complaint explains that Plaintiff names Rockland County as a defendant because her divorce proceedings are taking place in the New York Supreme Court, Rockland County, and that she was arrested by Rockland County law enforcement officials for allegedly failing to appear for a New York Family Court, Rockland County, proceeding. (*Id.*, ECF 4-1, at 5, 7, 9, 11, 22-23.) Plaintiff further alleges that the child custody matter "has been removed to Rockland County Family court, but [OCCPS] is still working against" her. (*Id.*, ECF 4-1, at 12.) Plaintiff further states that her "advocate," Charles Bernard Starke, was "wrongfully arrested and charged with the same fictional charges as" her and remains detained. (*Id.* at 23.) In *Murphy III*, Plaintiff filed a motion for emergency injunctive relief and several letters. (ECF 1:25-CV-3122, ECF 4-7.) The motion seeking emergency relief names multiple defendants who are not named in the complaint.[4] (*Id.*, ECF 4.)

For the reasons discussed below, the Court dismisses without prejudice the complaints filed in *Murphy II* and *Murphy III*.

---

[4] Also attached to the *Murphy III* complaint is a brief captioned for the United States Court of Appeals for the Second Circuit, (*see Murphy III*, No. 25-CV-4122, ECF 4-2). That brief relates to another matter Plaintiff filed in this court arising from the same or related events. *See Natural Offspring One v. Orange County Family Court*, No. 25-CV-239 (JGLC) (S.D.N.Y. Jan. 28, 2025) (remanding removal action to the Orange County Family Court for lack of subject matter jurisdiction), *appeal pending*, No. 25-310 (2d Cir.).

**DISCUSSION**

"Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) (internal quotation marks omitted). District courts thus have discretion to dismiss a later-filed action that is duplicative of proceedings already before it. *Id.*; *see also Humphrey v. Ct. Clerk ex rel. U.S. Sup. Ct.*, No. 5:11-CV-0938, 2012 WL 264603, at *3 (N.D.N.Y. Jan. 30, 2012) (holding that "dismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint . . . pursuant to 28 U.S.C. § 1915(e)").

As the complaints filed in *Murphy II* and *Murphy III* raise the same claims against the same defendants as *Murphy I*, and arise out of the same underlying events, no useful purpose would be served by litigating these two duplicative lawsuits. Accordingly, the Court dismisses *Murphy II* and *Murphy III*, without prejudice to *Murphy I*, the matter pending under docket number 25-CV-1950. If Plaintiff wishes to assert any other claims or name other defendants in connection with the events that are the subject of her submissions, she may, consistent with Rule 15 of the Federal Rules of Civil Procedure, amend her complaint in *Murphy I*, No. 25-CV-1950 to include such claims.

Because the Court is dismissing *Murphy III* without prejudice, it is denying without prejudice the motion for injunctive relief pending in that case. *Murphy III*, ECF 25-CV-3122.

**CONCLUSION**

For the reasons set forth in this order, the Court dismisses *Murphy II*, No. 25-CV-3105, and *Murphy III*, No. 25-CV-3122, without prejudice as duplicative of *Murphy I*, 25-CV-1950.

The Court denies without prejudice the motion for emergency relief in *Murphy III*, No. 25-CV-3122, and the Clerk of Court is directed to terminate the motion (ECF 4.)

The Clerk of Court is directed to enter judgment dismissing these actions.

SO ORDERED.

Dated:   September 30, 2025
        New York, New York

                                                    */s/ Louis L. Stanton*
                                                    Louis L. Stanton
                                                        U.S.D.J.